# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA CLARKE and FREDERICK CLARKE, <br><br> Plaintiffs, <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE COMPANY and LM GENERAL INSURANCE COMPANY, <br><br> Defendants. | NO. 3:18-CV-1925 <br><br> (JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before me is the Motion to Dismiss Count II of Plaintiffs' Amended Complaint (Doc. 8) filed by Defendants Liberty Mutual Insurance Company and LM General Insurance Company (collectively, "Defendants"). Angela Clarke ("Mrs. Clarke") and Frederick Clarke ("Mr. Clarke") (collectively, "Plaintiffs") commenced this action against Defendants, the issuer of their automobile insurance policy, after Mrs. Clarke sustained injuries in an automobile accident with an underinsured motorist. Plaintiffs settled their claim with the underinsured motorist for the limits of his policy and then sought additional benefits from Defendants. Defendants, though, refused to provide such benefits based on their position that the claim was not worth more than Plaintiffs received in the settlement with the underinsured motorist. Plaintiffs contend that by denying their claim for underinsured motorist benefits, Defendants have breached the terms of their insurance agreement and acted in bad faith in violation of Pennsylvania law, 42 Pa. C.S.A. § 8371. Defendants have moved to dismiss Plaintiffs' bad faith claim, arguing that the Amended Complaint is devoid of any well-pled factual allegations of bad faith as Plaintiffs plead nothing more than a disagreement as to the value of their claim. Because Plaintiffs fail to plead adequate factual matter to support the allegation that Defendants did not act reasonably in

valuing the underinsured motorist claim, the motion to dismiss will be granted, but Plaintiffs will be given the opportunity to file a further amended complaint to set forth sufficient facts to state a plausible bad faith insurance claim.

## I. Background

The facts as alleged in the Amended Complaint are as follows:

On November 29, 2016, Mrs. Clarke was the owner and operator of a 2010 Toyota Corolla. (*See* Doc. 5, ¶ 8). Mrs. Clarke was covered under a private automobile policy issued by Defendants at that time providing underinsured motorist benefits in the amount of $250,000.00 per person and $500,000.00 per accident (the "Policy"). (*See id*. at ¶ 13 and Ex. "A"). On that day, Mrs. Clarke was operating her vehicle southbound on State Route 115 in Chestnut Hill Township, Pennsylvania. (*See id*. at ¶ 10). As she attempted to enter a store parking lot, a vehicle driven by Isiah Howard ("Mr. Howard) crossed over into Plaintiff's lane of travel, striking her vehicle and causing her injuries. (*See id*. at ¶¶ 10-11). Mrs. Clarke's injuries include, *inter alia*, headaches, pain in her hips, back, neck, and shoulders, and disc protrusions. (*See id*. at ¶ 16). On the date of the collision, Mr. Howard's vehicle was insured through a policy issued by Victoria Fire and Casualty Company containing a $15,000.00 limit. (*See id*. at ¶ 12).

On or about March 6, 2018, counsel for Plaintiffs sent correspondence to Defendants advising that they would be making a claim for underinsured motorist benefits under the Policy. (*See id*. at ¶ 25). A certified copy of the Policy was also requested to be provided within ten (10) days. (*See id*.). Plaintiffs' counsel sent a similar correspondence to Defendants on March 15, 2018. (*See id*. at ¶ 26). After receiving no response, Plaintiffs' counsel sent another request for a certified copy of the Policy on April 4, 2018. (*See id*. at ¶ 27).

Defendants forwarded certified copies of the Policy to Plaintiffs' counsel on April 6, 2018 and April 17, 2018. (*See id*. at ¶ 28). On April 10, 2018, Defendants were requested to consent to the settlement of the third-party claim. (*See id*. at ¶ 29).

Six days later, Defendants requested Plaintiffs complete a proof of claim and provide a copy of the proposed third-party release. (*See id*. at ¶ 30).

Plaintiffs' counsel provided Defendants with a signed authorization for release of medical information on May 22, 2018. (*See id*. at ¶ 32). The same day, Defendants were forwarded medical records and bills for Mrs. Clarke. (*See id*. at ¶ 33). Also on May 22, 2018, Defendants were informed that the tortfeasor tendered the $15,000.00 policy limit to Plaintiffs. (*See id*. at ¶ 51). Defendants acknowledged receipt of Plaintiffs' demand package on May 30, 2018. (*See id*. at ¶ 34).

Subsequently, an agent for Defendants left Plaintiffs' counsel a voice message that they were not making an offer on the underinsured motorist claim. (*See id*. at ¶ 35). Plaintiffs' counsel confirmed receipt of that message in a July 11, 2018 letter to Defendants wherein he indicated his view that a "fair and objective review of the medical records submitted to Liberty Mutual confirm that the case value is well in excess of the tortfeasor's minimal $15,000.00 policy limit." (*Id*. at ¶ 36).

On July 17, 2018 and September 11, 2018, Defendants sent correspondences to Plaintiffs' counsel reiterating their belief that the value of Plaintiffs' claim was within the $15,000.00 third-party settlement. (*See id*. at ¶ 37).

Based on the foregoing, Plaintiffs commenced litigation by filing their complaint in the Court of Common Pleas of Monroe County, Pennsylvania. (*See* Doc. 1, Ex. "A"). Defendants timely removed the action to this Court. (*See* Doc. 1, *generally*). Plaintiffs filed their three-Count Amended Complaint on October 15, 2018, asserting claims for breach of contract (Count One), bad faith (Count Two), and loss of consortium (Count Three). (*See* Doc. 5, *generally*).

On October 29, 2018, Defendants filed a motion to dismiss the bad faith claim. (*See* Doc. 8, *generally*). The motion to dismiss has been fully briefed and is now ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a

complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### III. Discussion

Defendants seek dismissal of the bad faith claim in Count II of the Amended Complaint. (*See* Doc. 8, *generally*). Pennsylvania law allows an insured party to receive damages and other relief if the insurer acts in bad faith toward the insured party. *See* 42 Pa. C. S. A. § 8371. Section 8371 states:

> § 8371. Actions on insurance policies
>
> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date

4

> the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

*Id.*

"[I]n order to recover in a bad faith action, the plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis." *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.,* 649 A.2d 680 (Pa. Super. Ct. 1994)). However, "proof of an insurance company's motive of self-interest or ill-will is not a prerequisite to prevailing in a bad faith claim under Section 8371 . . . . While such evidence is probative of the second *Terletsky* prong, . . . the insurer's knowledge or recklessness as to its lack of a reasonable basis in denying policy benefits is sufficient. " *Id*.

In deciding whether an insurer had a reasonable basis for denying benefits, a court must examine what factors the insurer considered in evaluating a claim. *See Terletsky,* 649 A.2d at 688-89. "Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured." *Condio v. Erie Ins. Exchange*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006) (citing *Williams v. Nationwide Mutual Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. Ct. 2000)). "[M]ere negligence is insufficient for a finding of bad faith under Section 8371 . . . ." *Rancosky*, 170 A.3d at 374. However, recklessness on the part of the insurer can support a finding of bad faith. *See id*.

As pled in the Amended Complaint,

> Defendants' bad faith included a series of actions that demonstrated a conscious disregard for the interests of Defendants' insured, the Plaintiffs, and consisted of:
>
> a. Denying coverage under the underinsured motorist provisions of the policy when Defendants knew or disregarded the fact that Defendant lacked a reasonable basis for denying such a claim;

5

> b. Failing to promptly provide the full UIM benefit for which Plaintiffs had paid and contracted when Plaintiff had provided Defendants evidence that demonstrated clearly that her injuries were caused by an underinsured motorist and her damages exceeded the value of the UIM coverage on the policy;
>
> c. Failing to make an offer when the Defendants knew that Plaintiff had suffered severe injuries caused by an underinsured driver and Plaintiff had made a valid claim for UIM benefits;
>
> d. Arbitrarily refusing to provide coverage available under the policy;
>
> e. Failing to conduct an adequate and objective investigation into the extent of Plaintiff's injuries and failing to make an offer to settle the case; [and]
>
> f. Failing to conduct a reasonable evaluation of the value of the case.

(*See* Doc. 5, ¶ 59).

The bad faith claim in Count Two of the Amended Complaint will be dismissed. For one, Count Two is premised largely on "bare-bones conclusory allegations which are not sufficient to state a bad faith claim." *Meyers v. Protective Ins. Co.*, No. 16-1821, 2017 WL 386644, at *9 (M.D. Pa. Jan. 27, 2017). Indeed, much of Defendants' alleged bad faith conduct has been found to constitute "legal conclusions rather than factual allegations." *Rickell v. USAA Cas. Ins. Co.*, No. 18-1279, 2018 WL 5809865, at *3 (M.D. Pa. Nov. 6, 2018). Specifically, Plaintiffs' allegation in Subparagraphs (e) and (f) have been held to be conclusory. *See id*. Likewise, the averments in Subparagraphs (a), (b), (c), and (d) "regarding how Defendant[s] handled the claim after receipt are conclusory without additional factual support that would inform the court why Defendants actions are unreasonable." *See id*.; *see also Meyers*, 2017 WL 386644, at *9 ("Whether something is untimely (or, more precisely, unreasonably untimely) may be an element of a bad faith claim only to the extent that it itself has sufficient support; otherwise, an allegation that a claim was not timely paid and investigated is a legal conclusion which a court must disregard at a motion to dismiss stage."); *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 599 (E.D. Pa.

2010) ("knowingly or recklessly disregarding the lack of a reasonable basis to deny plaintiff's claim" is a legal conclusion).

The Amended Complaint, when stripped of its conclusory statements, alleges: (1) Plaintiffs had an automobile insurance policy with Defendants; (2) Mrs. Clarke suffered injuries in an automobile accident caused by Mr. Hughes; (3) Mr. Hughes tendered to Plaintiffs the limits of his $15,000.00 insurance policy; (4) Plaintiffs provided notice of the underinsured motorist claim in March 2018 and complied with the terms of the Policy in seeking coverage; (5) Plaintiffs demanded the limits of the Policy from Defendants in May 2018 at which time they also provided medical records and bills; and (6) within six (6) weeks, Defendants denied the claim for policy limits and did not offer to settle the claim on the basis that the value of Plaintiffs' claim was within the third-party $15,000.00 settlement. The claim is, in essence, that Defendants acted in bad faith in valuing Plaintiffs' underinsured motorist claim. Without additional factual matter, such bare allegations that Defendants acted unreasonably in valuing the claim do not state a violation of § 8371.

This point was explained in *Meyers* where the plaintiff claimed the insurer's valuation of the claim was unreasonable. *See Meyers*, 2017 WL 386644, at *8. The pleading here mirrors that which I found deficient in *Meyers*:

> Plaintiff does not allege facts to support the value of his claim. For example . . . he does not allege the amount of earnings he has lost or will likely lose in the future, and he has not alleged any relevant facts concerning his earning capacity, such as his age, education, employment status, or how his injury has affected his ability to work. Similarly, although Plaintiff alleges that he has incurred medical expenses, he does not allege anything about the amount of those expenses or what medical treatment he received or will likely need in the future.

*Meyers*, 2017 WL 386644, at *8 (alterations omitted) (quoting *Yohn v. Nationwide Ins. Co.*, No. 13-24, 2013 WL 2470963, at *7 (M.D. Pa. June 7, 2013)). Accordingly, Plaintiffs' subjective belief as to the value of their claims is not indicative of bad faith "because Defendants' subjective belief as to the value of the claim may reasonably,

7

and permissibly, differ." *Id*. Thus, absent additional factual allegations as to how Defendants acted unreasonably in their valuation of the claim, Plaintiffs cannot proceed on a bad faith claim on this basis. *See id.*; *see also Rickell*, 2018 WL 5809865, at *4 ("The mere allegation that Plaintiffs provided documentation and Defendant has failed to make a reasonable settlement offer, however, does not support an inference of bad faith without additional factual support such as the complexity of the claim and the time passed between the date Plaintiffs supplied the necessary information and the date the complaint was filed."); *Camp v. N.J. Mfrs. Ins. Co.*, No. 16-1087, 2016 WL 3180743, at *6 (E.D. Pa. June 8, 2016) ("other than the conclusory allegation that NJMIC failed to make a settlement offer, Camp posits no additional factual averments from which it could be found that NJMIC's failure to make an offer was in bad faith."); *Pfister v. State Farm Fire & Cas. Co.*, No. 11-799, 2011 WL 3163184, at *4 (W.D. Pa. July 26, 2011) (discrepancy in parties' valuation of claim "alone is not evidence of bad faith"). Further, insofar as Plaintiffs suggest bad faith conduct by Defendants based on their refusal to tender the limits of the Policy, "the failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith." *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 137 (3d Cir. 2012). Plaintiffs have not provided sufficient factual support to sustain a bad faith claim, so Count II of the Amended Complaint will be dismissed.

Plaintiffs will, however, be given leave to amend. Although they have not requested it and *sua sponte* leave is not required in non-civil rights cases in this Circuit, *see Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007) ("we hold that in ordinary civil litigation it is hardly error for a district court to enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint"), it is not clear that an amendment would be futile. Thus, in accordance with the dictates of Federal Rule of Civil Procedure 15(a)(2), Plaintiffs will be given the opportunity to file a further amended complaint. Plaintiffs are reminded that if they elect to do so,

8

they must set forth factual allegations and not rely simply on legal conclusions to support their bad faith claim.

## IV. Conclusion

For the above stated reasons, Defendants' motion to dismiss Count II of the Amended Complaint will be granted. Plaintiffs' bad faith claim will be dismissed without prejudice to Plaintiffs filing a further amended complaint within twenty-one (21) days to plead a plausible bad faith claim. Failure to do so will result in the dismissal of this claim with prejudice.

An appropriate order follows.

December 10, 2018  /s/ A. Richard Caputo
Date   A. Richard Caputo
  United States District Judge