# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA CLARKE and FREDERICK CLARKE,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY and LM GENERAL INSURANCE COMPANY,<br><br>　　　　Defendants. | NO. 3:18-CV-1925<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before me is the Motion for Reconsideration or, Alternatively, for Discretionary Appeal pursuant to 28 U.S.C. § 1292(b) (Doc. 22) filed by Angela and Frederick Clarke (collectively, "Plaintiffs"). By Order dated February 11, 2019, I granted the motion to dismiss filed by Liberty Mutual Insurance Company and LM General Insurance Company (collectively, "Defendants") and dismissed with prejudice Plaintiffs' bad faith claim. Plaintiffs contend that the dismissal of that claim constituted a clear error of law in light of "controlling case law." As such, Plaintiffs request that the Order dismissing the bad faith claim be reconsidered and vacated or, alternatively, amended to include a certification for immediate appeal. Reconsideration will not be granted because Plaintiffs fail to demonstrate that a clear error of law resulted from the dismissal of the bad faith claim. Further, because Plaintiffs fail to meet the applicable standard for certification under 28 U.S.C. § 1292(b) and this is not such an exceptional case warranting interlocutory review, the February 11, 2019 Order will not be amended to include a certification for immediate appeal.

## I. Background

The pertinent factual allegations are outlined in detail in my opinion dismissing

with prejudice the bad faith claim in the Second Amended Complaint, (*see* Doc. 20, *generally*), so they are not repeated at length herein. For present purposes, it is sufficient to note that Mrs. Clarke alleges she sustained injuries in an automobile accident with a motorist insured under a motor vehicle policy containing a $15,000.00 limit. At the time of the accident, Mrs. Clarke was covered under an insurance policy issued by Defendants providing underinsured motorist benefits in the amount of $250,000.00 per person and $500,000.00 per accident. Ultimately, the tortfeasor tendered the $15,000.00 policy limit to Plaintiffs.

In March and April 2018, the parties communicated regarding Plaintiffs' claim for underinsured benefits under the policy. In May 2018, Defendants were informed that the tortfeasor tendered the limits of his policy to Plaintiffs. Defendants were also provided information of Mrs. Clarke's medical costs and bills in May 2018. In particular, Mrs. Clarke has incurred medical bills in the amount of $39,243.38, remains under the care of a pain management physician, and may require a repeat medical procedure in the future.

Thereafter but prior to July 11, 2018, Defendants informed Plaintiffs' counsel that they were not making an offer on the underinsured motorist claim based on their view that the value of Plaintiffs' claim was within the $15,000.00 third-party settlement. Defendants repeated that position in correspondence to Plaintiffs on July 17, 2018 and September 11, 2018.

As a result, Plaintiffs commenced this action by filing their complaint in the Court of Common Pleas of Monroe County, Pennsylvania on or about August 29, 2018. (*See* Doc. 1, Ex. "A"). Defendants timely removed the action to this Court. (*See* Doc. 1, *generally*). Plaintiffs subsequently filed an Amended Complaint on October 15, 2018, asserting claims for breach of contract (Count One), bad faith (Count Two), and loss of consortium (Count Three). (*See* Doc. 5, *generally*). Defendants moved to dismiss the bad faith claim. (*See* Doc. 8, *generally*). That motion was granted, but Plaintiffs were given the opportunity to replead. (*See* Doc.

13, *generally*).

Plaintiffs timely field their Second Amended Complaint on December 21, 2018 asserting the same causes of action. (*See* Doc. 14, *generally*). Defendants again moved to dismiss the bad faith claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Doc. 16, *generally*).

On February 11, 2019, I granted Defendants' motion to dismiss the bad faith claim in the Second Amended Complaint and dismissed that claim with prejudice. (*See* Docs. 20-21, *generally*). In so doing, I explained that the facts supporting the bad faith claim in the Second Amended Complaint were identical to those in the Amended Complaint "in all but one respect," namely, in the latter filed pleading Plaintiffs "identif[ied] the treatment she received for injuries allegedly sustained in the automobile accident and the cost of that treatment." (Doc. 20, 8-9). In particular, Plaintiffs alleged that Mrs. Clarke incurred over $39,000.00 in medical bills, but Defendants concluded that the claim fell within the $15,000.00 third-party settlement. (*See id*. at 9). As I explained in dismissing the bad faith claim, the fact that the parties disagree over the value of a claim does not, by itself, state a bad faith claim. (*See id*. at 9-10). And, because Plaintiffs did not plead any facts to support their conclusion that Defendants engaged in bad faith in their valuation of the claim, the bad faith claim was dismissed with prejudice. (*See id*.).

Plaintiffs timely filed the instant motion for reconsideration or for certification for immediate appeal. (*See* Doc. 22, *generally*). In their supporting brief, Plaintiffs argue that "this Court committed a clear error of law in concluding that Plaintiffs' bad faith claim is unsupported by factual averments to amount to the contention that Defendants engaged in bad faith by way of their valuation of Plaintiffs' claim." (Doc. 23, 7). This is so, they say, because they plead a "detailed summary of Mrs. Clarke's medical expenses and treatment, which was all provided to Defendants[.]" (*Id*. at 8). Given that Defendants had this information about Mrs. Clarke's treatment and condition, it "confirm[s] that the Plaintiffs' case value is well in excess of the

3

tortfeasor's $15,000.00 policy limit, which Defendants knew or should have known, based upon a fair, objective and thorough review of the information." (*Id*. at 11). Plaintiffs also insist that reconsideration is warranted because I "ignor[ed] controlling case law analogous to the instant matter." (*Id*.; *see also id*. at 14 (dismissal of bad faith claim was contrary to "controlling case law")).

Alternatively, Plaintiffs request that I certify my Order for immediate appeal to the United States Court of Appeals for the Third Circuit. (*See id*. at 14-19). According to Plaintiffs, immediate appeal is warranted because the dismissal of their bad faith claim involves a controlling question of law, there are substantial grounds for difference of opinion concerning the question at issue, and an immediate appeal would advance the ultimate termination of the litigation. (*See id*.).

Defendants timely filed a brief in opposition to the instant motion. (*See* Doc. 25, *generally*). Therein, Defendants argue that the motion should be denied because: (1) Plaintiffs simply repeat the same arguments I found unavailing in dismissing the bad faith claim; (2) no error of law occurred in granting the motion to dismiss; and (3) no grounds exist to support an immediate appeal to the Third Circuit. (*See id*. at 6-12).

Plaintiffs timely replied. (*See* Doc. 26, *generally*). In their reply, Plaintiffs insist that a clear error of law occurred when I "overlooked" allegations in the Second Amended Complaint "confirm[ing]" the value of Plaintiffs' case. (*See id*. at 2). They explain in their reply that "the crux of Plaintiffs' argument is that this Court erred by ignoring controlling case law from Third Circuit Courts analogous to the instant matter." (*Id*. at 3). Plaintiffs reiterate that they present "a valid ground for reconsideration" because "this Honorable Court committed reversible error of law by ignoring controlling case law analogous to the instant matter[.]" (*Id*. at 4). Plaintiffs further contend that if reconsideration is not granted, certification to the Third Circuit is appropriate because they make the necessary showing for immediate appeal pursuant to 28 U.S.C. § 1292(b). (*See id*. at 7-8).

Plaintiffs' motion is thus fully briefed and ripe for disposition.

4

## II. Discussion

**A.     Reconsideration.**

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  A motion for reconsideration may be granted if the movant establishes: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court decided the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café, by Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Plaintiffs' motion for reconsideration will be denied.  First, reconsideration is not warranted because Plaintiffs' motion simply seeks to relitigate issues I already decided.  The arguments presented in the motion for reconsideration are the same as those presented by Plaintiffs in opposition to Defendants' motion to dismiss. (*Compare* Doc. 18, 7-16, *with* Doc. 23, 7-14).  However, it is well-settled that "'[a] motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.'" *Jones v. Tritt*, No. 16-1537, 2019 WL 719636, at *1 (M.D. Pa. Feb. 20, 2019) (quoting *Odgen v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)); *see also Floyd v. Olshefski*, No. 13-578, 2016 WL 727181, at *1 (M.D. Pa. Feb. 22, 2016) (reconsideration "may not be used as a means to reargue unsuccessful theories").  As this is precisely what Plaintiffs seek to do in the matter *sub judice*, reconsideration is not appropriate.

Second, Plaintiffs have not identified a clear error of law as required to support their stated ground for reconsideration.  While Plaintiffs cite my failure to consider "controlling case law" as their basis for reconsideration, (Doc. 23, 11, 14; Doc. 26, 3-4), they do not cite any "controlling case law" that was not considered.  (*See id.*). Rather, Plaintiffs cite district court decisions from this District and others that have found that the insured in those cases pled a plausible bad faith claim sufficient to

5

withstand a motion to dismiss. (*See id.*). But, "'[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same district judge in a different case." *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 395 (3d Cir. 2017) (alteration added; other alteration omitted) (quoting *Camreta v. Greene*, 563 U.S. 692, 709 n.7, 131 S. Ct. 2020, 179 L. Ed. 2d 1118 (2011)). Thus, the district court decisions cited by Plaintiffs do not qualify as "controlling case law."

Nor do I find that the case law cited by Plaintiffs show that a clear error of law resulted from the dismissal of Plaintiffs' bad faith claim. To the contrary, courts have consistently held that a dispute or discrepancy in the valuation of a claim between the insurer and the insured is not alone indicative of bad faith, nor is it sufficient by itself to state a bad faith claim. *See, e.g.*, *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012) ("bad faith is not present merely because an insurer makes a low but reasonable estimate of an insured's damages."); *Moran v. United Servs. Auto. Ass'n*, No. 18-2085, 2019 WL 626440, at *4 (M.D. Pa. Feb. 14, 2019); *McDonough v. State Farm Fire & Cas. Co.*, No. 18-2247, 2019 WL 480139, at *2-3 (E.D. Pa. Feb. 7, 2019) ("disagreement over the settlement amount is not unusual" and does not by itself state a bad faith claim); *West v. State Farm Ins. Co.*, No. 16-3185, 2016 WL 4264240, at *2 (E.D. Pa. Aug. 11, 2016) ("A 'low-ball' offer alone does not suffice to support a claim for bad faith. '[B]ad faith is not present merely because an insurer makes a low but reasonable estimate of an insured's damages.'"); *Pfister v. State Farm Fire & Cas. Co.*, No. 11-799, 2011 WL 3163184, at *4 (W.D. Pa. July 26, 2011) (discrepancy in parties' valuation of claim "alone is not evidence of bad faith; Pennsylvania law generally does not treat as bad faith an insurer's low but reasonable estimate of an insured's losses"); *Williams v. Hartford Cas. Ins. Co.*, 83 F. Supp. 2d 567, 576 (E.D. Pa. 2000) ("negotiating by offering a figure at the low end of the settlement range does not necessarily constitute bad faith, particularly when the valuation of the injuries and damages of a claim is difficult").

Here, and as previously detailed, (*see* Doc. 20, 7-10), Plaintiffs fail to offer any non-conclusory, factual allegations as to Defendants' conduct to support a finding of bad faith in valuing the claim. *See*, *e.g.*, *West*, 2016 WL 4264240, at *2 ("Plaintiff has presented no allegations about any actions or inactions taken by Defendant to show bad faith. Plaintiff only points to Defendant's offer of $1,000. For the reasons set forth supra, this offer, even if it is 'low-ball,' or facially unreasonable, is not alone sufficient to support a claim for bad faith."). All Plaintiffs cite to support their bad faith claim is that they provided Defendants with records of medical treatment and bills for same exceeding $39,000.00 and Defendants responded that they believed the value of Plaintiffs' claim was within the $15,000.00 third-party settlement. Besides the parties' difference in value of the claim, though, Plaintiffs has not supplied any additional facts to support a finding that Defendants' conduct constituted bad faith. As other courts have held, "[i]n the absence of any supporting facts from which it might be inferred that the company's investigation was biased or unreasonable, this type of disagreement in an insurance case is not unusual, and cannot, without more, amount to bad faith." *Gowton v. State Farm Fire & Cas. Co.*, No. 15-1164, 2017 WL 818847, at *4 (W.D. Pa. Mar. 2, 2017) (citations and quotations omitted); *see also McDonough*, 2019 WL 480139, at *3 ("disagreement over the settlement amount is not unusual" and allegations made by the insured "must be supported by specific facts illustrating where and how [the insurer's] conduct indicated bad faith."). Despite being afforded the opportunity to provide factual allegations that Defendants' conduct amounted to bad faith, Plaintiffs failed to do so. There is no basis to reconsider my prior ruling, so the dismissal of Plaintiffs' bad faith claim will not be disturbed.

**B.  Interlocutory Appeal.**

Pursuant to 28 U.S.C. § 1292(b), a district judge may certify an order for immediate appeal if the judge finds that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of

the litigation." 28 U.S.C. § 1292(b).[1] The decision to certify an order for immediate appeal lies within the sound discretion of the district court. *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 320 (E.D. Pa. 1994) (citing *Del. Valley Toxics Coal. v. Kurz-Hastings, Inc.*, 813 F. Supp. 1132, 1142 (E.D. Pa. 1993)). However, the district court should exercise its discretion mindful of the strong policy against piecemeal appeals. *Link v. Mercedes-Benz of N. Am.*, 550 F.2d 860, 863 (3d Cir. 1977), *cert. denied*, 431 U.S. 933 (1977). The burden is on the movant to demonstrate that such an appeal is warranted. *Orson, Inc.*, 867 F. Supp. at 320 (citing *Rottmund v. Cont'l Assur. Co.*, 813 F. Supp. 1104, 1112 (E.D. Pa. 1992)).

Section 1292(b) "imposes three criteria for the district court's exercise of discretion to grant a § 1292(b) certificate." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). "The order must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance the ultimate termination of the litigation.'" *Id.* (quoting § 1292(b)). A "district court should certify an order for immediate appeal only if all three requirements are met." *Orson, Inc.*, 867 F. Supp. at 321 (citing *Piazza v. Major League Baseball*, 836 F. Supp. 269, 271 (E.D. Pa. 1993)). "Certification is not mandatory even if the three criteria are met; rather, certification is wholly discretionary." *Juice Entm't, LLC v. Live Nation Entm't, Inc.*, 353 F. Supp. 3d 309 (D.N.J. 2018); *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976) ("The

---

[1] District courts may grant a motion to certify an order for interlocutory appeal and enter an amended order which includes the certification pursuant to § 1292(b). *See Matter of Hamilton*, 122 F.3d 13, 14 (7th Cir. 1997) (citing *Marisol by Forbes v. Giuliani*, 104 F.3d 524, 527-29 (2d Cir. 1996); *Weir v. Propst*, 915 F.2d 283, 286 (7th Cir. 1990); *In re Benny*, 812 F.2d 1133, 1136-37 (9th Cir. 1987); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 245-48 (7th Cir. 1981)); *see also Eisenberger v. Chesapeake Appalachia, LLC*, No. 3:09-CV-1415, 2010 WL 1816646, at *3-*4 (M.D. Pa. May 5, 2010) (Caputo, J.); *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co., Ltd.,* 2010 WL 430817, at *2 (D. Del. Feb. 4, 2010) ("A court may grant a motion to certify and issue an amended order after an initial ruling on the merits.").

certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present.").

The February 11, 2019 Order will not be amended to include a certification pursuant to § 1292(b). For one, and as explained above, courts applying Pennsylvania law routinely find that a disagreement between the insurer and the insured as to the value of a claim is not alone sufficient to plead a plausible bad faith claim. As this is precisely the thrust of Plaintiffs' bad faith claim in the matter *sub judice*, I do not find that a substantial ground for a difference of opinion exists with respect to the sufficiency of the bad faith claim as pled in the Second Amended Complaint. While Plaintiffs believe the dismissal of that claim was incorrect, this does not amount to a substantial ground for disagreement as required for § 1292(b) certification. A motion for certification cannot be granted "merely because a party disagrees with the ruling of the district judge." *Max Daetwyler Corp. v. R. Meyer*, 575 F. Supp. 280, 282 (E.D. Pa. 1983). On this basis, certification pursuant to § 1292(b) is not warranted.

Moreover, § 1292(b) "is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Milbert v. Bison Labs., Inc.*, 260 F.2d 431, 433 (3d Cir. 1958). Plaintiffs have not shown that this is such an exceptional case where an immediate appeal would avoid protracted or expensive litigation. Nor is Plaintiffs' disagreement with the dismissal of their claim any different than those that occur daily in the ordinary course of litigation. Accordingly, there is no reason to amend the February 11, 2019 Order to include a certification pursuant to 28 U.S.C. § 1292(b).

### III. Conclusion

For the above stated reasons, Plaintiffs' motion will be denied.

An appropriate order follows.

March 19, 2019  /s/ A. Richard Caputo  
Date             A. Richard Caputo  
                 United States District Judge